# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2008

Charles R. Fulbruge III
Clerk

No. 08-60405

UNITED STATES OF AMERICA;

Plaintiff-Appellant;

v.

RODNEY CASE, KEVIN CLARK, MIKE FULTON, DOUGLAS MURPHY,
and JAMES WARD;

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-00210

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant United States of America asserts that the district court erred when it dismissed counts one, nine, and twelve of the second superceding indictment. Having reviewed the parties' briefs, heard oral argument, and considered the record, we disagree. First, count one, which charged all the abovenamed Defendants-Appellees with conspiring to commit wire fraud in violation of 18 U.S.C. § 371 was properly dismissed because the count is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutionally vague since it fails to allege any materially false statements or representations by Defendants-Appellees. See Neder v. United States, 527 U.S. 1, 25 (1999) ("[M]ateriality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes."). Second, count nine, which charged Defendants-Appellees Mike Fulton, Douglas Murphy, and James Ward with stealing and copying trade secrets in violation of various provisions of the Economic Espionage Act ("EEA") was properly dismissed because it is barred by the statute of limitations. Finally, count twelve, which charged Defendant-Appellee Ward with violating various provisions of the EEA was also properly dismissed on statute of limitations grounds. Accordingly, the judgment of the district court is AFFIRMED.